Filed 3/4/26  P. v. Ramirez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B341528 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA513279) |
| v. | |
| CARLOS JOSE RAMIREZ, | |
| Defendant and Appellant. | |

_____

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Carlos Jose Ramirez appeals from a judgment after he pleaded no contest and was sentenced to two years for being a felon in possession of a firearm.  We appointed counsel to represent Ramirez on appeal.  After reviewing the record, counsel for Ramirez filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 that did not identify any arguable issues.  After independently reviewing the record, we have not identified any either.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[1]

On February 26, 2023 Officer Jose Hernandez and his partner observed Ramirez using his cell phone while stopped at a red light.  When the light turned green, the officers activated their lights and sirens.  The officers saw Ramirez "making movements within the vehicle as [if] he was attempting to conceal something."

Ramirez drove into a nearby shopping center parking lot and parked the car.  Although the officers told Ramirez to stay in the vehicle, Ramirez exited the vehicle while talking on the cell phone.  The officers believed Ramirez "seemed very nervous" and heard Ramirez say "baby" and that he had "been beat up before." The officers handcuffed Ramirez and walked him over to their vehicle.

After the officers patted him down, Hernandez shined a light into the vehicle and saw the muzzle of a semiautomatic firearm visible on the floorboard.  Hernandez opened the trunk

---

[1]     We draw the facts from the transcripts of the hearing on Ramirez's motion to suppress under Penal Code section 1538.5 as well as the preliminary hearing.

and illuminated the interior "to make sure there's no one in the trunk." Hernandez then opened the rear door of the car and removed the firearm from the floorboard. The firearm was found to be a loaded semiautomatic Glock handgun in good working condition. After being admonished with the *Miranda*[2] warnings, Ramirez told the police he had borrowed the firearm from a friend after having been shot.

On November 16, 2023 Ramirez was charged by information with one count of being a felon in possession of a firearm (Pen. Code,[3] § 29800, subd. (a)(1).) The information further alleged Ramirez had suffered a prior strike conviction within the meaning of the Three Strikes law (§§ 667, subds. (b)-(j), 1170.12). Ramirez was also alleged to have violated the terms of his probation in case No. BA507133, in which he had been convicted of a violation of Vehicle Code section 10851 for driving or taking a vehicle without the owner's consent.

On April 29, 2024 Ramirez brought a motion under section 1538.5 to suppress the firearm, a magazine, and 10 rounds of live ammunition seized from Ramirez's car on the basis that "[l]aw enforcement contacted, seized, detained, and/or searched defendant and/or his property without a warrant and therefore the police action is presumptively unreasonable and unlawful." The motion indicated Ramirez was challenging the search of the vehicle and its contents; at the hearing Ramirez's counsel confirmed Ramirez was not challenging whether there was probable cause for the initial detention. The trial court denied the motion on May 1, 2025 because the "firearm was located in a

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436.

[3]     All statutory references are to the Penal Code.

3

position where it would visible" by looking through the car window.

On May 6, 2024 the trial court denied Ramirez's motion to appoint new counsel under *People v. Marsden* (1970) 2 Cal.3d 118 but, on August 22, 2024, accepted his request to represent himself pursuant to *Faretta v. California* (1976) 422 U.S. 806.

On September 6, 2024 the People indicated their current plea bargain offer was for two years (the middle term) doubled based on Ramirez's prior strike. The court indicated Ramirez could enter an open plea and the court would impose a two-year sentence and terminate probation in the probation matter. Ramirez agreed and, in addition to pleading no contest to the present offense, admitted he was previously convicted of a prior strike offense, and also admitted he had violated his probation in case No. BA507133. The trial court accepted the plea, dismissed the prior strike, and sentenced Ramirez to the middle term of two years with 480 days total credit. The court imposed and stayed all of the fines, fees and assessments. The court also terminated probation in case No. BA507133.

Ramirez timely appealed on the basis that there was an improper stop and "an illegal search." An amended notice of appeal requested a certificate of probable cause. Ramirez indicated he wished to challenge the conviction under Evidence Code section 410 (which defines "direct evidence") because "there is no direct evidence to prove" his guilt, and he wished to challenge the court's denial of his *Marsden* motion. The trial court denied his request for a certificate of probable cause. (Cal. Rules of Court, rule 8.304(b)(1)(B).)

## DISCUSSION

We appointed counsel to represent Ramirez in this appeal. After reviewing the record, counsel filed a brief raising no issues. Appointed counsel advised Ramirez on September 15, 2025 that he could personally submit any contentions or issues he wanted this court to consider. Appointed counsel also sent Ramirez the record on appeal and a copy of the appellate brief. This court also sent a letter to Ramirez on October 16, 2025 advising him that "[w]ithin 30 days of the date of this notice, appellant may submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which appellant wishes this court to consider." We received no response from Ramirez.

Following a judgment based on a plea of no contest, a defendant must obtain a certificate of probable cause from the trial court to challenge certain issues on appeal, including the validity of the plea. (§ 1237.5, subd. (b); *People v. Cuevas* (2008) 44 Cal.4th 374, 379; Cal. Rules of Court, rule 8.304(b)(1).) Without a certificate of probable cause, our review is "limited to issues that do not require a certificate of probable cause." (Cal. Rules of Court, rule 8.304(b)(3).) As relevant here, those limited issues of review include "(1) search and seizure issues for which an appeal is provided under section 1538.5, subdivision (m); and (2) issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75; see Cal. Rules of Court, rule 8.304(b)(2)(A)-(B).)

We have examined the record and are satisfied appellate counsel for Ramirez has complied with counsel's responsibilities

and there are no arguable issues.[4] (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende, supra*, 25 Cal.3d at pp. 441-442.)

## DISPOSITION

The judgment is affirmed.

STONE, J.

We concur:

MARTINEZ, P. J.

SEGAL, J.

---

[4] "A number of cases hold that an officer can legally view that which is in plain sight. . . . It is well established that to look through the window . . . and see what is plainly visible does not constitute an illegal search." (*People v. Nazaroff* (1968) 266 Cal.App.2d 229, 234; see also *People v. Ramirez* (2024) 104 Cal.App.5th 315, 328; *People v. Tousant* (2021) 64 Cal.App.5th 804, 816 ["Officers may seize evidence in plain view 'from a position where the officer has a right to be.' "].)